## WILLIAM ROSSING v. JENS PEDERSON.[1]

### March 26, 1920.

### No. 21,682.

**Sale — breach of warranty — evidence in corroboration admissible.**

> In an action for the breach of a warranty in a sale it was error to exclude as inadmissible under the pleadings the testimony of a witness corroboratory of that of the plaintiff, though it was not in the exact language of the warranty alleged or of the testimony of the plaintiff.

Action in the district court for Cottonwood county to recover $900 for breach of warranty. Defendant interposed two counterclaims. The case was tried before Nelson, J., who at the close of the testimony denied defendant's motion to dismiss the action and a jury which returned a verdict for $48.86 in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Henry M. Gallagher* and *John L. Sammons,* for appellant.

*T. J. Stevenson,* for respondent.

[1] Reported in 177 N. W. 125.

DIBELL, J.

Action to recover damages for the breach of a warranty. There was a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

The defendant Pederson sold to the plaintiff Rossing a gasolene tractor engine. The complaint alleges that the defendant "warranted the same to be in good running condition, and of sufficient power to pull the ordinary load of five horses, and to pull and operate any ordinary farm machinery usually pulled and operated by from four to eight horses." The plaintiff testified that he told the defendant that he knew nothing about the particular kind of tractor, and that he would have "to guarantee this tractor to do the work it is represented to do, pull three bottom plows, first, last and all the time," and that this warranty the defendant gave. The following testimony of a witness, taken on deposition, was excluded upon the objection of the defendant as inadmissible under the pleadings:

"Mr. Pederson says: 'What about the deal?' Rossing says: 'I don't know much about gasolene tractors but if you want to guarantee this tractor to work first, last and all the time we'll call it a deal.' Pederson then said: 'All right, we'll call it a deal.'"

The defendant denied that there was any talk such as the plaintiff or such as this witness related, or that the witness was present at any conversation between him and the plaintiff.

The testimony of the witness was in corroboration of the plaintiff's testimony. That it was not in the language of the allegation of the complaint or of the plaintiff was not a ground for its exclusion. The plaintiff was entitled to have it before the jury and its exclusion was error.

A new trial results and we omit a consideration of the other assignments of error.

Order reversed.